UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
:
ARMANI PARRILLA : **SECOND AMENDED**
: **COMPLAINT**
Plaintiff, :
: CV-13-6060 (MKB)(MDG)
-against- :
: JURY TRIAL DEMANDED
POLICE OFFICERS DANIEL CRUZ, :
BRIAN MARRIN, TAX 922706; JOHN :
ZIZZO, SHIELD 22964 :
Defendants. :
-------------------------------------------------------- X

Plaintiff, ARMANI PARRILLA, by and through his attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. The claims arise from a October 3, 2012 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, assault, false imprisonment and malicious prosecution, excessive use of force.

1

3. The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff ARMANI PARRILLA is and was at all times hereinafter mentioned a resident of the State of New York and the County of Queens.  He is Hispanic, being of Equadorian-American ancestry.

9. Defendants DANIEL CRUZ, BRIAN MARRIN and JOHN ZIZZO are and were at all times relevant herein duly appointed and acting officers, servants,

employees and agents of the City of New York and/or the New York City Police Department, a municipal agency of the City of New York.

10. Defendants Cruz, Marrin and Zizzo are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11. Defendants Cruz, Marrin and Zizzo are sued individually.

## STATEMENT OF FACTS

12. On Wednesday, October 3, 2012, approximately 3PM, defendants Cruz, Zizzo and other members of the New York City Police Department team they were working with arrested plaintiff as he was sitting on the front steps of his home at 35-33 90th Street, in the Jackson Heights section of Queens, NY.

13. As stated, plaintiff was sitting on the front steps of the residence he, his mother and siblings live in, along with his brother (Aarron Parrilla) and a friend of theirs (Tayjay Alston) when defendant Police Officers Daniel Cruz and John Zizzo appeared.

14. The officers passed through the gated area, climbed the stairs to stand right in front of plaintiff and the others, and began harassing them: first by demanding *why* they were sitting there, and then, after being informed that two of

3

the three lived there and that Mr. Alston was a guest, by demanding *inter alia*, that hands be removed from pockets, and that identifications be produced.

15. After plaintiff stated he did not have identification and reiterated that he lived at the location, defendants Cruz and Zizzo grabbed plaintiff, punched him in the face with a closed fist, and then repeatedly sprayed him in the face with pepper spray.

16. Defendants Cruz and Zizzo evidently called for backup as some 20-25 police officers descended upon the scene. Plaintiff was then arrested by defendants Cruz and Zizzo.

17. Plaintiff was handcuffed and placed in a patrol car driven by two officers who had responded after the initial altercation (John Does No. 2 and 3). While being transported to the police station, plaintiff repeatedly complained about the burning in his eyes and face as a result of being sprayed with pepper and exacerbated by plaintiff's inability (since he was handcuffed) to use his hands to wipe the pepper spray from his eyes and face. John Does No. 2 and 3 repeatedly ignored plaintiff's request for medical attention as a result of the pepper spray.

18. While at the 115th precinct, defendants Cruz and Zizzo ignored plaintiff's repeated entreaties to be able to wash the pepper spray out of his eyes.

19. Defendant Brian Marrin, as a Supervising officer, evaluated and approved the arrest made by defendants Cruz and Zizzo, and all arrest paperwork prepared by defendants Cruz and Zizzo, notwithstanding the fact that the arrest

report falsely charged plaintiff with Criminal Trespass inside of his own residence.

20. Plaintiff was arraigned in Queens Criminal Court on October 4, 2012 under Docket number 2012QN053400, and charged with PL §§195.05 (Obstruction of Governmental Administration in the Second degree) and 205.30 (Resisting Arrest), both Class "A" misdemeanors; PL § 110/120.00(1) (Attempted Assault in the Third degree), a Class "B" misdemeanor, as well as the Violation of Disorderly Conduct (PL § 240.20(1)). Plaintiff entered a plea of not guilty, was released on his own recognizance, and the case was adjourned.

21. At the time he was released on his own recognizance, plaintiff had been in custody for approximately twenty-eight hours.

22. The underlying criminal case was resolved favorably to plaintiff in that on January 8, 2013 the Court moved to Adjourn the case in Contemplation of Dismissal, under CPL § 170.20.

23. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

24. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

25. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a) Violation of his right, pursuant to the First Amendment of the United States Constitution, to freedom of speech;

   b) Violation of his right, pursuant to the Fourth Amendment of the United States Constitution, to be free from an unreasonable search and seizure of his person and his home;

   c) Violation of his right, pursuant to the Fifth Amendment of the United States Constitution, not to be deprived of his liberty without Due Process of Law;

   d) Violation of his right, pursuant to the Eighth Amendment of the United States Constitution, not to have cruel and unusual punishment inflicted;

   e) Violation of his right to Equal Protection Under the Law pursuant to the New York State constitution and the Fourteenth Amendment to the United States Constitution;

   f) Violation of his New York State Constitutional rights to freedom of speech, freedom from unreasonable search and seizure, freedom from cruel and unusual punishment;

   g) Violation of his right to Due Process of Law pursuant to Article 1, §6 of the New York State constitution and the Fourteenth Amendment to the United States Constitution;

h) Physical pain and suffering, including facial bruising and swelling, intense facial pain as a result of being punched in the face, severe burning to the eyes and face, watery eyes and trouble breathing and swallowing as a result of being pepper sprayed in the face.

i) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

j) Loss of liberty.

**FIRST CAUSE OF ACTION**
**(Deprivation of Federal Civil Rights under the United States Constitution and 42 U.S.C. §§ 1981 and 1983)**

26. The preceding paragraphs are here incorporated by reference.

27. By their conduct and actions in unlawfully detaining, assaulting, pepper-spraying, searching, arresting, imprisoning plaintiff, and in fabricating evidence against plaintiff, and in failing to intercede on behalf of plaintiff and protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants Cruz and Zizzo, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, subjection to cruel and unusual punishment, and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### (Deprivation of Federal Civil Rights under 42 U.S.C. § 1985)

29. The preceding paragraphs are here incorporated by reference.

30. In an effort to find fault to use against the plaintiff, defendants Cruz, Marrin and Zizzo conspired among themselves, and conspired with others to deprive plaintiff of his Constitutional rights under 42 U.S.C. §1983, and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. Thus defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

32. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## THIRD CAUSE OF ACTION
### Liability for New York State Constitutional Violations under Article I §§ 1, 5, 6, 8, 11 & 12

33. The preceding paragraphs are here incorporated by reference.

34. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws,

defendants Cruz, Marrin and Zizzo deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article I §5 (prohibiting cruel and unusual punishments), Article I §6 (providing for due process), Article I §8 (guaranteeing freedom of speech), Article I §11 (prohibiting discrimination in civil rights and providing for equal protection of laws) and Article I §12 (prohibiting unreasonable searches and seizures) of the New York State Constitution.

35. In addition, defendants Cruz, Marrin and Zizzo conspired among themselves and conspired with other individuals to deprive plaintiff of his rights secured under Article I §§ 5, 6, 8, 11 and 12 of the New York State Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

36. Defendants Cruz, Marrin and Zizzo acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without any authority of law, and were in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights as secured by Article I §§ 5, 6, 8, 11 and 12 of the New York State Constitution.

37. Defendants, their officers, agents, servants and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## FOURTH CAUSE OF ACTION
### (False Arrest and Unlawful Imprisonment)

38. The preceding paragraphs are here incorporated by reference.

39. Defendants Cruz, Marrin and Zizzo subjected plaintiff to false arrest, false imprisonment, deprivation of liberty without probable cause.

40. Defendants Cruz, Marrin and Zizzo have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

41. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged, as alleged above

## FIFTH CAUSE OF ACTION
### (Excessive Use of Force)

42. The preceding paragraphs are here incorporated by reference.

43. Defendants Cruz and Zizzo subjected plaintiff to force that was disproportionate, unnecessary, and in violation of plaintiff's civil, constitutional and statutory rights under 42 U.S.C. §§ 1983 and 1985 and the Constitution of the United States and the State of New York.

44. As a result of defendants Cruz and John Does excessive use of force against plaintiff, plaintiff was damaged, as alleged above.

## SIXTH CAUSE OF ACTION
### Falsification of Evidence under 42 U.S.C. § 1983

45. The preceding paragraphs are here incorporated by reference.

46. Defendants Cruz, Marrin and Zizzo are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

10

47. Furthermore, the defendants violated the law by making false statements by drafting and/or signing sworn criminal court complaints and false police reports.

48. Furthermore, the individual defendants violated the law by manipulating evidence to attempt to obtain a prosecution and unjust conviction, while performing the function of investigators.

49. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and that this is redressable in an action for damages under 42 U.S.C. § 1983.

50. The individual defendants are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, inter alia, forwarding false information to prosecutors, drafting and signing sworn criminal court complaints and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

51. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

**SEVENTH CAUSE OF ACTION**
**Violation of the Equal Protection Clause under 42 U.S.C. § 1983**

52. The preceding paragraphs are here incorporated by reference.

11

53. Defendants Cruz and Zizzo unlawfully stopped, detained, arrested, and prosecuted plaintiff because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54. As a result of the foregoing, plaintiff was deprived of his rights under the Equal Protection Clause of the United States Constitution.

55. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## EIGHTH CAUSE OF ACTION
**Malicious Prosecution under 42 U.S.C. § 1983**

56. The preceding paragraphs are here incorporated by reference.

57. Defendants Cruz, Marrin and Zizzo initiated, commenced and continued a malicious prosecution against plaintiff.

58. Defendants caused plaintiff to be prosecuted without any probable cause until the charges were dismissed in November 2012.

59. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

a) In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's Causes of Action;

b) Awarding plaintiff punitive damages in an amount to be determined by a jury for each of plaintiff's Causes of Action;

c) Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

d) Granting such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
May 7, 2014

Respectfully submitted,

**KENNETH F. SMITH**
Counsel for the Plaintiff

/s/ KENNETH F. SMITH

By: Kenneth F. Smith (KS0788)
The Law Offices of Kenneth F. Smith, PLLC
16 Court Street, Suite 2901
Brooklyn, NY 11241
(646) 450-9929
(646) 514-4524 (FAX)

TO: VIA ECF
James Horton,
Assistant Corp. Counsel
to the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-311
New York, NY 10007
(212) 356-2647